■ THOMAS M. TORMEY, JR., Individually and as Administrator of the Estate of JUDITH I. TORMEY, Deceased, Appellant, v THE AMERICAN TOBACCO COMPANY et al., Respondents, et al., Defendants. [850 NYS2d 309]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered October 3, 2006 in a products liability action. The order granted the motion and cross motion of defendants-respondents for partial summary judgment dismissing the second cause of action, alleging failure to warn nonsmokers of the health risks of environmental tobacco smoke, against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the respective motion and cross motion of defendants-respondents (defendants) for partial summary judgment dismissing the second cause of action against them. Plaintiff alleged therein that defendants were negligent in failing to warn nonsmokers concerning the health risks of environmental tobacco smoke (ETS) after the year 1969, inasmuch as plaintiff's decedent, although not a smoker herself, was exposed to ETS from her

coworkers. Pursuant to the Federal Cigarette Labeling and Advertising Act (15 USC § 1331 *et seq.*) (hereafter, Act), however, "[n]o requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this chapter" (15 USC § 1334 [b]). The United States Supreme Court has rejected a narrow construction of the phrase "based on smoking and health" (*id.*; *see Lorillard Tobacco Co. v Reilly*, 533 US 525, 548 [2001]), and we conclude that the second cause of action, for failure to warn, is necessarily "based on smoking and health" and therefore is preempted by the Act (15 USC § 1334 [b]; *see Cipollone v Liggett Group, Inc.*, 505 US 504, 524 [1992]). In any event, requiring defendants to provide warnings to nonsmokers would necessarily involve "advertising or promotion" of cigarettes, the regulation of which is also prohibited by the Act (15 USC § 1334 [b]; *see also Vango Media, Inc. v City of New York*, 34 F3d 68, 73-75 [1994]). Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.